

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

August 6, 1957

Honorable F. T. Graham
Criminal District Attorney
Cameron County
Brownsville, Texas

Opinion No. WW-215.

Re: Legality of payment of
pension, vacation and
welfare benefits by navi-
gation district to trust
fund for benefit of em-
ployees.

Dear Mr. Graham:

In your letter of July 18, 1957, you request an opinion of this office concerning the legality of the payment by the Port Isabel-San Benito Navigation District of certain moneys from time to time to a trust fund for the benefit of certain employees of the District. The problem is whether the payment contravenes the constitutional provision contained in Sections 44, 51, 52, and 53 of Article III of the Constitution of Texas against gifts, grants, and gratuities.

From your letter it appears that these employees are engaged in the loading and unloading of cargo to and from ships using the Navigation District's ship channel and other facilities. These benefits consist of pension, vacation and welfare funds and are part of the overall compensation paid to these employees.

Although not paid to these employees immediately and directly, they are paid to a trust fund for their ultimate use and benefit. In our opinion these payments are not a gratuity because the employee does not get them unless he works, and he gets them only in the proportion to the number of hours which he works.

Friedman v. American Surety Co. of New York, 151 S.W.2d 570, 578 (Sup.Ct. 1941) was a suit challenging the constitutionality of the Texas Unemployment Compensation Act (Art. 5121b, V.C.S.). The Supreme Court said:

"It is true that the employers alone directly create the unemployment fund, but it is created for the benefit of their employees. Therefore, the right of such employees to enjoy or participate in the fund in times of unemployment should be regarded as a part of their compensation or wages.

All employees who labor or perform services for
employers who are covered by this Act labor or
serve in part for the right to enjoy the bene-
fits of this unemployment fund. So regarded,
the fund and the benefits to be derived there-
from by unemployed employees cannot be regarded
as a gratuity within the meaning of Section 51
of Article III of our State Constitution. To
the contrary, those who come under its provi-
sions have labored or served for such privilege.
Byrd v. City of Dallas, 118 Tex. 28, 6 S.W.2d
738.

"In the case just cited this Court had be-
fore it a statute which authorized a certain
class of cities to create a pension or aid fund
for certain of their officers and employees.
The fund was created in part by payments made
into the same by the officers and employees to
be benefited and in part by the City out of its
own revenues. The plan authorized by the stat-
ute contemplated that the officers and employees
of the City designated should receive their sal-
aries in the usual way, and, in addition thereto,
should be entitled to participate in the pension
fund above described. It was held that the stat-
ute did not create or attempt to create a gratu-
ity; but that the right to participate in the
pension fund was a part of the compensation paid
for the services rendered. We think the same
principle applies here. The right of an em-
ployee covered by this Act to participate in the
fund created thereby is a part of the compensa-
tion earned while he is employed."

The Friedman case, supra, involved an unemployment
fund. The Byrd case, supra, involved a pension or aid fund.
In our opinion the payments involved in these cases are so
similar to the payment of pension, vacation and welfare bene-
fits under the arrangements outlined in your letter as to
render these cases fully decisive of your question. There-
fore, we hold that the payment of such funds is not a gratu-
ity.

## SUMMARY

Funds paid by a Navigation District to a pension, vacation and welfare trust fund for the benefit of employees as a part of the compensation paid such employees is not a grant, gratuity or donation of public funds within the meaning of Sections 44, 51, 52 or 53 of Article III or Section 3 of Article XI of the Constitution of Texas.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Ralph R. Rash
Ralph R. Rash
Assistant

RRR:wb

APPROVED:

OPINION COMMITTEE

H. Grady Chandler, Chairman
W. V. Geppert
B. H. Timmins, Jr.
Wallace Finfrock


REVIEWED FOR THE ATTORNEY GENERAL
BY: Geo. P. Blackburn